IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 98-20063
Summary Calendar

---

JUANITA C. HARRIS; IRIS WOODARD, Guardian and next friend of
January Nicole Crawford, a minor

Plaintiffs-Appellants,

versus

PAUL VEGA, Dr.; NORTH OAKS MEDICAL CENTER, Doing Business as
Seventh Ward General Hospital; SEVENTH WARD HOSPITAL

Defendants-Appellees.

---

Appeal from the United States District Court
for the Southern District of Texas
(CA-H-94-4365)

---

January 19, 1999

Before HIGGINBOTHAM, JONES and DENNIS, Circuit Judges.

PER CURIAM:[*]

Juanita Harris and Iris Woodard appeal the district court's denial of their motion to reinstate their medical malpractice and wrongful death lawsuit and the court's dismissal of their claims. The district court stayed and administratively closed this case because of prerequisite administrative proceedings before the State of Louisiana Patient's Compensation Fund pursuant to the Louisiana Medical Practices Act. *See* LA. REV. STAT. ANN. §

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

40:1299.47B(1)(a)(i). In its order, the district court stated that leave would be granted to any party to move to reinstate the case within ninety days of a final decision in the administrative review proceedings. On December 28, 1995, Harris and Woodard were informed that the administrative proceedings were closed. Harris and Woodard did not move to reinstate within ninety days, and they failed to show good cause for their delay in filing the motion to reinstate. The district court's denial of the motion to reinstate is AFFIRMED. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (noting that federal courts possess the power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

The district court also dismissed the lawsuit for lack of personal jurisdiction. Harris and Woodard contend that Dr. Vega's transfer of the decedent from a Louisiana hospital to a hospital in Houston, Texas, establishes personal jurisdiction. However, all events precipitating this lawsuit occurred in Louisiana, and any contacts to Texas are insufficient to support personal jurisdiction. The defendants did not "purposefully avail[] [themselves] of the benefits and protections of the forum state by establishing 'minimum contacts' with that forum state." *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 315-17 (1945)). Accordingly, the district court's dismissal of this lawsuit is AFFIRMED.

2